UTILITY WORKERS UNION OF AMERICA, AFL–CIO, LOCAL 534, ELAINE BERG, JACK REILLY, AND VITO NASTA, INDIVIDUALLY AND AS REPRESENTATIVES OF A CLASS OF SIMILARLY SITUATED EMPLOYEES OF THE COUNTY OF BERGEN, PLAINTIFFS, v. BOARD OF CHOSEN FREEHOLDERS, COUNTY OF BERGEN, WILLIAM D. MCDOWELL, COUNTY EXECUTIVE, THE COUNTY OF BERGEN, A BODY CORPORATE AND POLITIC OF THE STATE OF NEW JERSEY, THE BERGEN COUNTY UTILITIES AUTHORITY, AND NORTHWEST BERGEN UTILITIES AUTHORITY, DEFENDANTS.

Superior Court of New Jersey
Law Division Bergen County

Decided June 10, 1987.

*Richard F. Aronsohn* for plaintiffs (*Aronsohn & Springstead*, Attorneys).

*Berek P. Don* for defendants William D. McDowell, County Executive and County of Bergen (*Berek P. Don*, County Counsel).

*Stephen P. Sinisi* for defendant Bergen County Utilities Authority (*Demetrakis, Sinisi & Carmel*, Attorneys).

*William J. Hunt* for defendant Northwest Bergen County Utilities Authority (*DeMaria, Ellis & Hunt*, Attorneys).

*Michael J. Ferrara* for Board of Chosen Freeholders, County of Bergen (*Michael J. Ferrara*, Counsel to the Board).

CIOLINO, A.J.S.C.

This action in lieu of prerogative writs was commenced by the filing of an Order to Show Cause and Verified Complaint seeking declaratory judgment and other related interim relief. On May 7, 1987, all interim relief was denied and a return date was scheduled for May 28, 1987. An Answer and Crossclaim was filed by defendant Bergen County Utilities Authority, an Answer and Separate Defenses to Crossclaim of the defendant Bergen County Utilities Authority was filed by and on behalf of the defendants William D. McDowell, County Executive, and the County of Bergen and an Answer was filed on behalf of the defendant Northwest Bergen County Utilities Authority. With the exception of Northwest Bergen County Utilities Authority,

all other parties, both plaintiff and defendants, supplied the Court with briefs, letter memoranda and supplementary and reply briefs. Oral argument was heard by the court on May 28, 1987, at which time it was agreed by all counsel and the court that final disposition could be made by the court based upon the arguments of counsel, briefs and documents submitted.

## FACTS AND LAW

On November 7, 1985, the voters of Bergen County adopted the County Executive form of government and on November 4, 1986, elected William D. McDowell as Bergen County's first County Executive. This form of government is included within the Optional County Charter Law, *N.J.S.A.* 40:41A–1, et seq. Similarly, on November 4, 1986, the voters of Bergen County elected the seven current members comprising the Board of Chosen Freeholders of Bergen County. The Bergen County Utilities Authority (BCUA), was reorganized pursuant to *N.J.S. A.* 40:14B–1 (the Municipal and County Utilities Authorities Act). Its function is to provide water and sewer services to the County of Bergen. The Northwest Bergen County Utilities Authority (NBCUA) was created by the County of Bergen pursuant to *N.J.S.A.* 40:14B–1, et seq., also to provide water and sewer services to the County of Bergen. The plaintiffs Utilities Workers' Union of America, AFL–CIO Local 534 (Local 534) is the collective bargaining representative for the blue and white collar employees of the BCUA and of the blue collar workers of the NBCUA. The individual plaintiffs, beside being members of Local 534, are citizens, residents and taxpayers of the County of Bergen.

On March 4, 1987, the Board of Chosen Freeholders adopted the Administrative Code of Bergen County, with an effective date of April 4, 1987. Article IX of the Administrative Code, and in particular Sections 9.1.1 and 9.1.2 provide in pertinent part as follows:

9.1.1 Authorities. The following authorities heretofore organized shall continue to operate as provided by statutes except that the executive shall have a veto

right over the actions taken by the authorities through his/her approval or disapproval of the minutes of meetings recording the actions of the authority:

(a) Bergen County Utilities Authority;

(b) Northwest Bergen Utilities Authority;

(c) Bergen County Improvement Authority;

(d) Bergen County Housing Authority.

9.1.2 Minutes. The minutes of every meeting of any authority shall be promptly delivered to the executive and clerk. No action taken at the meeting shall be effective until approved by the executive or until ten (10) days after the copy of the minutes shall have been delivered. If the executive returns his copy within ten (10) days with a veto of any action taken by the Board, that action shall be of no effect. The executive may approve all or any part of the action (sic) taken. The veto powers in this section shall not effect in any way the covenants in any existing bond indentures of any authorities, nor any existing collective bargaining agreement nor any existing binding arbitration decision.

All plaintiffs demand judgment against the defendants declaring and adjudging that Article IX, Sections 9.1.1 and 9.1.2 of the Administrative Code of Bergen County are null and void and that the BCUA and NBCUA may exercise exclusively all powers permitted by *N.J.S.A.* 40:14B-1, et seq. The relief sought by BCUA in its Crossclaim against the defendant Board of Chosen Freeholders of Bergen County and William D. McDowell, Bergen County Executive, are similar to the relief requested by the plaintiffs.

The issue presented in this litigation is whether the Administrative Code of the County of Bergen, particularly Article IX, Sections 9.1.1 and 9.1.2 may delegate to the County Executive a "veto" power to nullify actions of a county utilities authority organized and reorganized pursuant to *N.J.S.A.* 40:14B-1, et seq, which are vested with powers prescribed by *N.J.S.A.* 40:14B-20, in the absence of express legislative authority. Counsel for all parties indicate, and the court concurs, that there is no case which addresses this particular issue. It is therefore necessary to analyze and attempt to reconcile the Optional County Charter Law and the Municipal and County Utilities Authorities' Law.

Defendants, County of Bergen and William D. McDowell, County Executive, argue that BCUA and NBCUA are subject to ordinances promulgated by the Board of Chosen Freeholders

pursuant to the Optional County Charter Law because they are county agencies as set forth in *N.J.S.A.* 40:41A–30 and therefore are not independent autonomous agencies.

*N.J.S.A.* 40:41A–30 entitled "General Powers" provides as follows:

The grant of powers under this act is intended to be as broad as is consistent with the Constitution of New Jersey and with general law relating to local government. The grant of powers shall be construed as liberally as possible in regard to the county's right to reorganize its own form of government, to reorganize its structure and to alter or abolish its agencies, subject to the general mandate of performing services, whether they be performed by the agency previously established or by a new agency or another department of county government. All county offices, boards, commissions and authorities authorized or established by statute, other than those boards and offices which are subject to the provisions of subsection b of section 125 of P.L. 1972, c. 154 (C. 40:41A–125b.) and other than educational institutions authorized or established pursuant to Title 18A of the New Jersey Statutes, shall be considered to be county agencies for the purpose of this section.

Based on the need to develop effective services to meet problems which cross municipal boundaries and which cannot be met effectively on an individual basis by the municipalities, or the State, this act shall be construed as intending to give the county power to establish innovative programs and to perform such regional services as any municipality or the State may determine, in its own best interest, to have the county perform on a contractual basis.

Defendants, County of Bergen and the County Executive further argue that as non-independent county agencies, the BCUA and NBCUA are subject to reorganization, alteration, restructuring and abolishment pursuant to the Optional County Charter Law. Accordingly, they argue that the Administrative Code of the County of Bergen, Article IX, Sections 9.1.1 and 9.1.2, has reorganized, altered and reconstructed the authorities such that the County Executive has a veto right over actions taken by the BCUA and NBCUA through his approval or disapproval of the minutes of the meetings recording the actions of the authorities.

Further, defendants, County of Bergen and the County Executive, cite *N.J.S.A.* 40:41A–26 which states:

... nothing in this act shall be construed to prevent counties from abolishing or consolidating agencies the existence of which has heretofore been mandated by State statutes providing that such abolition or consolidation shall not alter the obligation of the County to continue providing services previously provided by such abolished or consolidated agencies.

They argue that given this broad grant of power, the County of Bergen clearly has statutory authority to reorganize, alter and restructure both the BCUA and NBCUA without regard to organizational, structural or personnel provisions contained in *N.J.S.A.* 40:14B–1, et seq. The veto power is as these defendants contend, the vehicle through which they have chosen to "reorganize, alter and restructure" the authorities.

I have difficulty in reaching the same conclusion as that of counsel for the County and the County Executive. The BCUA and NBCUA are independent and autonomous authorities regulated by *N.J.S.A.* 40:14B–1, et seq. They may be sued or sue in their own name, acquire and dispose of property, provide for and secure the payment of bonds and purchase, fold and dispose of bonds, prepare their own budgets and raise revenues. *See N.J.S.A.* 40:14B–20.

*N.J.S.A.* 40:14B–68 further supports the conclusion that the BCUA and NBCUA are independent and autonomous authorities. This section provides in pertinent part as follows:

*N.J.S.A.* 40:14B–68. Construction.

This act shall be construed liberally to effectuate the legislative intent and as complete and independent authority for the performance of each and every act and thing herein authorized, and a municipal authority shall not be subject to regulation as to its service charges by any other officer, board, agency, commission or other office of the State, or constitute a municipality or agency or component of a municipality subject to any provisions of Title 40 of the Resived Statutes, and of Title 40A of the New Jersey Statutes, except P.L. 1971, c. 198 "Local Public Contracts Law" (C. 40A:11–1, et seq.)

Also of note are the provisions of the Local Authorities Fiscal Control Law, *N.J.S.A.* 40A:5A–1, et seq., which assigns financial control responsibilities over local authorities to the Department of Community Affairs, Local Finance Board. *See N.J.S. A.* 40A:5A–2. Thus, authorities such as BCUA and NBCUA are further distinguished from other agencies or departments under the control of county government.

I am unable to find any statutory authority authorizing the County Executive to veto acts and activities of independent or autonomous authorities. *N.J.S.A.* 40:41A–27 which lists the powers of the County Executive does not mention a veto power.

Rather, *N.J.S.A.* 40:41A–37(g) specifically permits the County Executive to veto ordinances of the Board of Chosen Freeholders and further sets forth a procedure for that veto to be overridden. It would appear that if the legislature had desired to include a specific right of veto in the County Executive over and above the actions of municipal utilities authorities, it would have said so just as it had done in *N.J.S.A.* 40:41A–37(g). The veto power as set forth in the present Administrative Code and in the sections in question in this litigation presents the potential for dismantling the autonomy and independence of county utilities authorities which are necessary to discharge their statutorily enumerated powers. I can find no authority for this power.

For all of the aforementioned reasons, it is the order of this Court that judgment be entered in favor of the plaintiffs and against the defendants and in favor of the defendant-cross-claimant BCUA and against the defendants County of Bergen and Bergen County Executive and that the veto power contained in Sections 9.1.1 and 9.1.2 of the Administrative Code of the County of Bergen New Jersey be declared null and void. Counsel for the plaintiff will prepare the necessary judgment.